**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| KATHERINE BLUMENKRON, et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BARTON EBERWEIN, in his official capacity as member of the Land Conservation & Development Commission et al. <br><br> Defendants-Appellees. | No. 15-35847 <br><br> D.C. No. 3:12-cv-00351-BR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted November 6, 2017
Portland, Oregon

Before: FERNANDEZ and W. FLETCHER, Circuit Judges, and TIGAR,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

Appellants, Katherine and David Blumenkron, and the Springville Investors, LLC, appeal the district court's grant of summary judgment in favor of the municipal and state appellees, Metropolitan Regional Government ("Metro"), Multnomah County, and the Land Conservation and Development Commission ("LCDC"). The district court granted summary judgment because Appellants' claims stemming from land use designations on their property were not prudentially ripe. We affirm.

1. Reviewing the determination of ripeness de novo and the underlying factual findings for clear error, we conclude that the district court did not err in granting summary judgment on the basis of ripeness. *Addington v. United States Airline Pilots Ass'n*, 606 F.3d 1174, 1179 (9th Cir. 2010); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 513–14 (9th Cir. 1985).

Ripeness contains "both a constitutional and prudential component." *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993). A constitutional challenge to land use regulations is ripe when a litigant receives the planning commission's "final definitive position regarding how it will apply the regulations at issue to the particular land in question." *Herrington v. Cty. of Sonoma*, 857 F.2d 567, 568–69 (9th Cir. 1988). Here, the district court concluded that because the Oregon Court of Appeals remanded the overall land use

2

designation plan for Multnomah County to LCDC, which in turn remanded the designation to Multnomah County and Metro, "the Multnomah County urban- and rural-reserve designation process has reopened and Plaintiffs will again have an opportunity to persuade Multnomah County to change the designation" of their land. Appellants effectively concede that further determinations regarding the status of their land remain, asserting that "*if* LCDC re-acknowledges the designation of [their land] as rural reserve" the appellants "*will*" suffer in the future. The district court correctly concluded that Appellants' claims for prospective relief from the designation of their land are not ripe, as Appellees' "final definitive position" is not yet clear. *Herrington*, 857 F.2d at 568–69.

Prudential ripeness has a "twofold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967). An administrative action is fit for judicial review when an agency's decision is at an "administrative resting place." *Cottonwood Envtl. Law Ctr. v. United States Forest Serv.*, 789 F.3d 1075, 1084 (9th Cir. 2015). Because Appellants' land designation is currently under review, the agency process has no immediate effect, and is not at an "administrative resting place." *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 780 (9th Cir. 2000) (providing that an

3

action is at an administrative resting place where it "is a definitive statement of an agency's position" and "requires immediate compliance").

"To meet the hardship requirement, a litigant must show that withholding review would result in direct and immediate hardship and would entail more than possible financial loss." *US West Commc'ns v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999) (citation omitted). Appellants' declaration that their property value decreased between 2006 and 2012, a time period which includes when the designation went into effect, constitutes nothing more than "possible financial loss." *Id.* Accordingly, Appellants claims for prospective relief are not ripe.

2.      Appellants argue that even if their prospective claims are not ripe, their damages claims are. However, the district court concluded that "[a]lthough Plaintiffs conceivably could have incurred damages while LCDC's August 19, 2011, Acknowledgment Order was on appeal, there is not any evidence in the record that during that period Plaintiffs actually incurred . . . damages" because "Plaintiffs have not stated that they intend to sell their land, to obtain a loan secured by a mortgage on their land, or to develop their land in a way inconsistent with the rural-reserve designation." The district court's factual determination that Plaintiffs have not suffered damages is reviewed for clear error, and with no error apparent, we affirm. *Frank Music Corp*, 772 F.2d at 513–14.

**3.** Appellants also argue that their facial challenges to the land use regulations are ripe. These challenges, however, are not prudentially ripe because further factual development would significantly aid the court in determining whether Appellants were treated arbitrarily, and whether they received due process. *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 891 (1990) (holding a facial challenge not ripe "until the scope of the controversy has been reduced to more manageable proportions, and its factual components fleshed out, by some concrete action applying the regulation to the claimant's situation in a fashion that harms or threatens to harm him.").

AFFIRMED.